## (December 9, 1968)

In the Matter of JOHN MARVIN CRAWFORD, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.— Respondent was disbarred as an attorney and counselor at law by order of this court, dated June 1, 1964, upon his failure to appear in this disciplinary proceeding against him and to answer the charge contained in the petition. Almost two years thereafter he moved to vacate said order, for reinstatement to the Bar and for leave to answer the petition. After a hearing before a Referee which this court ordered upon the issues of service of the petition on respondent and of whether respondent had notice of the proceeding to enable him to serve a timely answer to the petition, and after the Referee rendered his report, this court made an order on October 31, 1966 granting respondent's motion to the extent of permitting him to answer the petition, granting a cross motion by petitioner to amend the petition so as to include certain additional charges against respondent, and referring the issues raised by the amended petition and the answer thereto to another Referee. After conclusion of the hearing thus ordered, but before rendition of the Referee's report, respondent again made a motion before this court upon notice of motion, dated January 31, 1968, to dismiss the amended petition, to vacate the order of dis-

barment, for his reinstatement, and that this court accept his tender of resignation from the Bar. The tender was in the form of a letter to the Presiding Justice, dated January 31, 1968, annexed to the moving papers, in which respondent stated that it was his desire to resign from the Bar if the order of disbarment were vacated, with the resignation to become effective simultaneously with the entry of an order vacating the disbarment. Thereafter the Referee's report was received by this court. It is partly in favor of respondent and partly against him; and the parties have made cross motions to affirm the report in part and to disaffirm the report in part, respondent also reiterating his application to vacate the disbarment and for his reinstatement. The original charge against respondent was with respect to a client who had canceled her instruction to respondent to commence a divorce action for her. The client had given respondent $20 on account of a fee and $130 for disbursements. The charge was that respondent had failed to return the $130, despite demand therefor, and that he had performed no services to entitle him to retain the $130. The additional charges were (1) that in three mortgage foreclosure actions in Kings County respondent had been appointed receiver but, *inter alia,* had failed to account for rents within a reasonable time, and (2) that in testimony given by him at the above-mentioned hearing with respect to the issues of service of the petition in this proceeding he " was not frank and candid." The testimony in question was a denial that he was " ever in trouble " except for the original complaint. The proof was that in 1963 he appeared before the Judicial Inquiry in Kings County, pursuant to request, and was questioned concerning the status of the three receiverships. The findings in the Referee's report under consideration are: As to the original charge, no unethical conduct was established, only an honest dispute as to the amount of the fee existed, and the dispute was " settled to the satisfaction of the complainant " (by payment of $75 to her). As to the charges concerning the receiverships, although respondent did fail to account within a reasonable time, i.e., not until after the instant proceeding had come before the Referee, respondent ultimately caused his accounts to be " judicially settled " and the acts in question " were not done wilfully or deliberately but because of ignorance on the part of respondent." The last charge, that respondent " was not frank and candid ", was established. The motion in which respondent tendered his resignation from the Bar and the two cross motions with respect to the Referee's report are disposed of as follows: The report is confirmed and the cross motions with respect to the report are denied insofar as they are for partial disaffirmance of the report. The order of disbarment is vacated. Respondent's resignation from the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Beldock, P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.